UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN GUIDRY, et al.**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO. 21-621-SDD-SDJ**

**AMERICAN HONDA**
**MOTOR CO., INC.**

### ORDER

Before the Court is a Motion to Compel (R. Doc. 28) filed by Defendant, American Honda Motor Co., Inc., on March 7, 2022. Plaintiffs, Glenn Guidry and Jennifer Guidry, have not responded to the Motion to Compel, and the deadline for filing a response has passed. *See* LR 7(f) (responses to motions are due within 21 days). As such, the Court considers the Motion unopposed.

In its Motion, Defendant seeks an order compelling Plaintiffs to make disclosures per Federal Rule of Civil Procedure 26(a) and to "respond fully and completely" to the interrogatories and requests for production propounded on Plaintiffs by Defendant.[1] As alleged by Defendant, "Plaintiffs have never produced their initial disclosures, nor have they responded to [Defendant's] written discovery."[2] While Plaintiffs are required to comply with their discovery obligations, the Court cannot, at this point, compel Plaintiffs to do so, as the requirements of Federal Rule of Civil Procedure 37 have not been met.

Rule 37 mandates that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

---
[1] R. Doc. 28 at 1.
[2] R. Doc. 28-1 at 1.

disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In its Motion, defense counsel "certifies that he has communicated with plaintiffs' [sic] on various occasions regarding plaintiffs' overdue discovery responses," including sending them a second copy of the discovery requests in Word format."[3] Defense counsel also asserts that "[a]s recently as last week," he "emailed plaintiffs' counsel to remind him that the plaintiffs' discovery responses were almost three months overdue," to request a response by the end of that week, and to advise "that if no reply were received, [Defendant] would be obliged to file a motion to compel."[4] Because Plaintiffs did not respond, Defendant filed the instant Motion. This is not sufficient. *See Antonis v. Elecs. for Imaging, Inc.*, No. 07-163, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("[A]s a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies."); *Robinson v. Napolitano*, No. 08-4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) ("Nor is the meet-and-confer requirement satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests."). As such, Defendant's efforts to date are not sufficient to meet the Rule 37 requirements.

To the Court's knowledge, Defendant has not ever requested a meet and confer with Plaintiffs' counsel. This alone is grounds for denial of this Motion. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012) ("Not only must the movant exhibit good faith, but the party need actually attempt a meeting or conference.");

---

[3] R. Doc. 28 at 1.
[4] *Id.* at 1-2.

*Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. Apr. 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel.... For this reason, alone, his Motion should be denied."); *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 699 (D. Kan. 2000) (clarifying that "sending unanswered correspondence to opposing counsel demanding discovery be produced by a specific deadline" does not satisfy the duty to confer).

As such, based on Defendant's failure to comply with Rule 37,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 28) filed by Defendant, American Honda Motor Co., Inc., is **DENIED without prejudice**.

Signed in Baton Rouge, Louisiana, on April 20, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**